```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

UNITED STATES                              CRIMINAL ACTION

VERSUS                                     NO: 05-135

WANDA HOPKINS                              SECTION: R(3)
```

**ORDER AND REASONS**

Before the Court is petitioner Wanda Hopkins' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  For the following reasons, the Court DENIES Hopkins' motion.

**I. BACKGROUND**

On April 22, 2005, Wanda Hopkins was indicted on one count of conspiring to possess with the intent to distribute more than 100 grams, but less than 500 grams, of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846, and

one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).[1]  On June 1, 2005, Hopkins pleaded guilty to both counts.[2]  Pursuant to a plea agreement under Federal Rule of Criminal Procedure 11(c)(1)(C), Hopkins agreed to plead guilty and the Government agreed to a sentence not to exceed 106 months.[3]  As part of her plea agreement, Hopkins waived her right to contest her sentence in any post-conviction proceeding, including a proceeding under 28 U.S.C. § 2255, unless the sentence imposed was in excess of the statutory maximum.[4]

   Hopkins also signed a factual basis in which she admitted to the facts underlying her guilty plea.[5]  In the factual basis, she admitted that a confidential informant would testify that she purchased 2.5 grams of cocaine powder from Jerry Hopkins.  She further admitted that a Global Positioning Satellite (GPS) tracking device would show that a SUV registered to Jerry Hopkins left New Orleans on March 18, 2005 and went to Brownsville,

---

[1] *See* R. Doc. 29.

[2] *See* R. Doc. 41.

[3] *See* R. Doc. 46.

[4] R. Doc. 46.

[5] *See* R. Doc. 45.

Texas.  She admitted that a deputy sheriff stopped the SUV and another truck registered to Jerry Hopkins when they returned to Jefferson Parish.  Hopkins admitted that the officer would testify that she was driving the truck and that after a search, her purse was found to contain a R.G. Industrial, Model 23, .22 long rifle revolver bearing serial number T534818.
Hopkins also admitted that the revolver was for her protection during the course of a drug trafficking crime.  The factual basis further states that Hopkins admitted to special agents of the United States Secret Service that she and her husband were selling cocaine out of their residence and that she went to Brownsville, Texas for the purpose of obtaining more cocaine for distribution.  She also admitted that the rifle revolver was hers and not her duty firearm for her job as a United States Customs and Border Protection Inspector.

During the rearraignment, the Court asked Hopkins whether she was sure she wanted to plead guilty, and she replied that she had "no other choice" but to plead guilty, considering the "circumstances."[6]  Hopkins explained that if she went to trial, she stood "to lose an awful lot more."[7]  The Court advised

---

[6]Rearr. Tr. at 3-4.

[7]Rearr. Tr. at 4.

Hopkins that it would not accept her guilty plea unless she was entering the plea knowingly and voluntarily:

> THE COURT:    Well let me explain something to you.  I cannot accept your guilty plea unless you assure me that you are pleading guilty voluntarily and that you, in fact — wait, let me finish.
>
> DEFENDANT:    Yes, ma'am.
>
> THE COURT:    — and that you, in fact did the crime that you are pleading guilty to.  So that unless you assure me that you, in fact, are guilty of the crime and that you are pleading guilty to it voluntarily and knowing what you are doing, I cannot accept your guilty plea.  Do you understand me, ma'am?
>
> DEFENDANT:    Yes, ma'am.  I plead guilty.[8]

Hopkins conferred with her attorney and then stated that she wanted to proceed with the guilty plea.[9]  In the rearraignment, the Court explained the plea agreement, and Ms. Hopkins indicated that she understood the agreement.[10]  She stated that she understood that in the agreement, she waived her right to appeal the sentence imposed by the court, including the right to bring a post-conviction proceeding, unless the sentence was in excess of

---

[8]Rearr. Tr., 4-5.

[9]Rearr. Tr. at 5.

[10]Rearr. Tr. at 16.

the statutory maximum.[11]  Hopkins also testified that she was satisfied with the advice and services of her lawyer.[12]

Before sentencing, Hopkins moved to withdraw her guilty plea.[13]  Hopkins argued that she should be able to withdraw her plea since the government did not have sufficient evidence to prove her guilt beyond a reasonable doubt and since the withdrawal of the plea would not inconvenience the Court or prejudice the Government.[14]  At her sentencing, Hopkins spoke on the motion.  She stated that when she originally pleaded, "she was not in the best mental condition to make a decision" and that she had been taking antidepressants and sleeping medication at the time.[15]  She also mentioned that she had told her attorney earlier that she wanted to withdraw her plea, but that he "didn't follow my request" until the day before she was supposed to be sentenced.[16]  She explained that she provided her attorney with information that would be useful to her defense, but that he did

---

[11] Rearr. Tr. at 16.

[12] Rearr. Tr. at 18.

[13] *See* R. Doc. 78.

[14] R. Doc. 78.

[15] Sent. Tr. at 3.

[16] Sent. Tr. at 3.

not investigate.[17]  She further stated that the gun with which she was found was not hers, and that she taken it "out of stupidity" from her husband.[18]  Ms. Hopkins explained that she wanted to withdraw her guilty plea so that she could present a "proper defense," since she was facing a sentence of nine years or more.[19]  The Court denied the motion since Hopkins did not assert her innocence, did not timely file the motion, and did not show that her counsel was ineffective.[20]  At sentencing, the Court assigned a total offense level of 19, with a criminal history category of 1.[21]  This indicated an advisory guideline range of 30 to 37 months imprisonment as to Count 1, and a 60-month consecutive sentence as to Count 2.[22]  The Court entered a judgment against Hopkins and sentenced her to a term of 33 months as to Count 1 of the indictment and a term of 60 months as to Count 2, to run consecutive to the term of imprisonment for Count

---

[17]Sent. Tr. at 4.

[18]Sent. Tr. at 5.

[19]Sent. Tr. at 5.

[20]*See* R. Doc. 81.

[21]Sent. Tr. at 16.

[22]Sent. Tr. at 16.

1.[23]  Hopkins' sentence is not in excess of the statutory maximum and does not constitute an upward departure from the applicable sentencing range.

On August 21, 2006, over six months after she was sentenced, Hopkins filed a Notice of Appeal and Motion for Leave to Appeal in forma pauperis. (R. Docs. 83 & 84).  The Fifth Circuit dismissed Hopkins' appeal as untimely. (*See* R. Doc. 88).

On February 27, 2007, Hopkins filed this petition for post-conviction relief under 28 U.S.C. § 2255.  In her petition, Hopkins alleges that her counsel Robert Barnard, the federal public defender who was appointed to her case, provided ineffective assistance when he failed to properly investigate her case and/or locate exculpatory evidence, failed to file a motion to suppress her confession, and failed to investigate the circumstances surrounding her custodial confession to determine whether the confession was obtained in violation of her right to counsel.  Additionally, Hopkins asserts that her plea agreement resulted from an unlawful inducement by the prosecution and an unclear understanding of the nature of the charge and consequences of the plea.

---

[23]*See* R. Doc. 82.

**II. DISCUSSION**

    **A. Waiver**

The Court finds that the waiver in Hopkins' plea agreement does not prevent her from bringing an ineffective assistance of counsel claim on collateral review. Hopkins' plea agreement contained the following waiver:

> Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal her sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest her sentence in any post-conviction proceeding, including but not limited to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal any punishment in excess of the statutory maximum.

(R. Doc. 46). Generally, an informed and voluntary waiver of post-conviction relief bars such relief. *United States v. Del Toro-Alejandre*, 489 F.3d 721, 722 (5th Cir. 2007). The Fifth Circuit has held that an ineffective assistance of counsel claim "survives a waiver of appeal only when the claimed assistance directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). The court noted that an "impermissible boot-strapping" occurs when a waiver is sought to bar a claim that the waiver and the plea agreement themselves were involuntary. *Id.*

    Here, Hopkins claims that the ineffective assistance of her

8

counsel rendered her guilty plea involuntary. Hopkins claims that Barnard never informed her that the Government would have to prove that she and her husband shared a common purpose to distribute cocaine in order to convict her of conspiracy. She claims that Barnard told her that a finding that she merely possessed cocaine was sufficient to charge her with conspiracy. Hopkins also avers that Barnard failed to properly investigate her case or locate exculpatory evidence. Hopkins claims that she informed counsel of statements by officers in the Jefferson Parish Sheriff's Office that indicated that only her husband was involved in the drug transactions. Hopkins claims that this would have supported her contention that she possessed cocaine only for her personal use as an addict. Hopkins also claims that Barnard failed to order a mental health evaluation of her, which she alleges would have shown that she was an addict and was not capable of leading a conspiracy. She alleges that but for this ineffective assistance, she would have insisted upon going to trial. Hopkins further claims that Barnard was ineffective when he failed to file a motion to suppress her confession, and that if the confession was suppressed, "the prosecutor's case against Petitioner would have been drastically impaired," and she would

have insisted upon going to trial.[24]

Hopkins' contention that her attorney did not inform her of the nature of the crime with which she was charged relates to the voluntariness of her plea agreement.  While the Court previously considered the voluntariness of Hopkins' plea agreement with regard to Hopkins' Motion to Withdraw her Guilty Plea, Hopkins had not previously asserted that she did not understand the nature of the charge against her.  Accordingly, as this ineffective assistance of counsel claim allegedly affected the voluntariness of Hopkins' plea, the waiver in the agreement does not bar Hopkins' claim.

**B. Ineffective assistance of Counsel**

Hopkins asserts that her guilty plea was the result of ineffective assistance of counsel in violation of her Sixth Amendment right.  To prevail on an ineffectiveness claim, petitioner must demonstrate that (1) her counsel's performance was deficient; and (2) that her counsel's deficient performance prejudiced the outcome of her trial. *See Strickland v. Washington*, 466 U.S. 668 (1984).  Petitioner must satisfy both prongs of the *Strickland* test in order to succeed. *See id.* at

---

[24]R. Doc. 97.

687. In order to establish deficient performance, the counsel's representation must fall "below an objective standard of reasonableness." *Jones v. Jones*, 163 F.3d 285, 300-01 (5th Cir. 1998). The Court makes every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *See id*. (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)). *See also Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (on ineffective assistance of counsel claim, courts "judge . . . counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct") (quoting *Strickland*, 466 U.S. at 690).

The second prong of *Strickland* requires petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If Hopkins fails to establish either deficient performance or actual prejudice, the Court may dispose of the claim without addressing the other prong. *See id*. at 697.

The Supreme Court applied the *Strickland* test to cases involving guilty pleas in *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). If petitioner pleads guilty and then collaterally

attacks the plea on grounds of ineffective assistance, petitioner must prove not only that his attorney actually erred, but also that she would not have pleaded guilty but for the error. *Id.; see also Armstead v. Scott*, 37 F.3d 202, 206(5th Cir. 1994). Under the first prong of the *Strickland/Hill* test, if a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (internal quotes omitted).  To meet the prejudice prong of the test, a petitioner must establish that but for his counsel's alleged erroneous advice, she would not have pleaded guilty but would have insisted upon going to trial. *Id.* at 59; *see also Armstead*, F.3d at 206 (citing *Carter v. Collins*, 918 F.3d 1198, 1200 (5th Cir. 1990)).

     Here, Hopkins has failed to prove that her counsel was deficient as required by the first prong of the *Strickland/Hill* analysis.  Hopkins claims that she was denied effective assistance of counsel because counsel did not inform her that the Government would have to prove that she and her husband shared a common purpose to distribute cocaine in order to convict her of a conspiracy.  The rearraignment proceedings, however, suggest that she was aware that the Government would be required to prove

this.  During the rearraignment, the Court informed Hopkins that in order to charge Hopkins with conspiracy to possess with the intent to distribute more than 100 grams, but less than 500 grams, of cocaine hydrochloride, the Government would have to prove, beyond a reasonable doubt: (1) that two or more persons directly or indirectly reached an agreement to possess with the intent to distribute cocaine hydrochloride; (2) that she knew of the unlawful purpose of the agreement; (3) that she joined in the agreement willfully; and (4) that the overall scope of the conspiracy involved at least 100 grams of cocaine hydrochloride.[25]  The Court then asked Hopkins if she understood that the Government would have to prove these facts, and she replied, "[y]es, ma'am."[26]  Hopkins' testimony that she read the factual basis and discussed it with her lawyer further shows that Hopkins was aware that the Government was required to prove that she and her husband conspired to distribute cocaine.[27]  Accordingly, Hopkins' unsupported assertion that her counsel told her that she could be charged with conspiracy for mere possession of cocaine, without the intent to distribute, does not establish

---

[25] Rearr. Tr. at 12.

[26] Rearr. Tr. at 12.

[27] *See* Rearr. Tr. at 19-20.

that her counsel was ineffective.

Hopkins also asserts that counsel failed to reasonably investigate her case and obtain exculpatory evidence. Hopkins asserts that she informed counsel that statements by law enforcement officials at the Jefferson Parish Sheriff's Office would reveal that while her husband was involved in cocaine distribution, she was merely an addict. Hopkins does not identify who made the statements.

Counsel has a duty to independently investigate the charges against his client. *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (citing *Wiggins v. Smith*, 539 U.S. 510, 524 (2003)). The Fifth Circuit has held that there must be a "reasonable amount" of pretrial investigation. *Bower*, 497 F.3d at 467 (citing *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994)). If an investigation is incomplete, the court "should weigh the incompleteness only to the extent that 'reasonable professional judgments support the limitations on the investigation' because 'counsel has a duty to make . . . a reasonable decision that makes particular investigations unnecessary.'" *Bower*, 497 F.3d at 467 (quoting *Strickland*, 466 U.S. at 690-91). The Court should apply a "heavy measure of deference" to counsel's judgments. *Strickland*, 466 U.S. at 691.

Hopkins' claims do not demonstrate that Barnard failed to

conduct a reasonable investigation. His failure to investigate allegedly exculpatory statements made by police officers Hopkins could not identify does not demonstrate that there was no investigation. Further, considering the overwhelming evidence tending to show that Hopkins was involved in the conspiracy, including the confessions of her two co-defendants and her own confession, Barnard's decision to advise Hopkins to plead guilty, rather than to pursue a potentially fruitless investigation into statements by unidentified witnesses, was within his reasonable professional judgment.

   Hopkins also claims that counsel failed to conduct a mental health evaluation of plaintiff that would have revealed that she was not mentally capable of leading a conspiracy. She claims that such an evaluation would have revealed that she "has a number of personality characteristics associated with substance abuse or substance use problems, is passive-dependent in relationships, constantly seeks nurtur[ing] from others, and requires an excessive amount of emotional support from others." Hopkins further claims that a mental evaluation of her husband would reveal that her husband was capable of leading a conspiracy to distribute cocaine without her knowledge or participation. Essentially, Hopkins contends that these evaluations would show that she was an addict, not the ringleader of a drug conspiracy.

The Court finds that counsel's failure to conduct these evaluations does not fall outside the realm of reasonableness. Generally, counsel's decision not to request mental health evaluations does not establish ineffective assistance of counsel. *See Williams v. Head,* 185 F.3d 1223, 1242 (11th Cir. 1999) (finding that "strategic decisions" such as a decision "not to request another mental evaluation . . . are virtually unassailable"). Here, Barnard's strategic decision not to pursue the theory that Hopkins was an addict was reasonable. For one, being an addict and being a drug dealer are not mutually exclusive — Hopkins' addiction might make it more likely that she was in a conspiracy to sell drugs in order to support her habit. Second, Barnard's advice that Hopkins enter a guilty plea was reasonable in light of the overwhelming evidence of her guilt. Third, the Court did not add points to Hopkins' base offense level based on a leadership role in the conspiracy,[28] and thus any evidence that Hopkins was not capable of *leading* a conspiracy would have been irrelevant.

Lastly, Hopkins claims that Barnard rendered ineffective

---

[28] The Court did add points to Hopkins' offense level because of her position as a federal law enforcement officer. Hopkins abused this position of trust by displaying her law enforcement credentials when she was stopped by the police on her return to Louisiana after buying cocaine in Texas.

assistance since he failed to move to suppress her confession, which she alleges was obtained in violation of her Fifth Amendment right to counsel.  Whether the failure to move to suppress a confession establishes that counsel was deficient under prong one of the *Strickland* test turns on "whether either a suppression motion or an objection would have been granted or sustained had it been made." *United States v. Oakley*, 827 F.2d 1023, 1025 (5th Cir. 1987).  Hopkins asserts that Barnard should have moved to suppress the confession since it was obtained after Hopkins had asserted and was denied her right to counsel.  Hopkins did, however, sign a written waiver of her Miranda rights.  Hopkins claims that she informed counsel of the circumstances surrounding the confession and that he refused to further investigate.

     The Court finds that Hopkins has not established that she received ineffective assistance of counsel.  Hopkins has not shown that the Court would have granted her suppression motion.  Hopkins' self-serving statements in her habeas petition are the only evidence that her confession was obtained after her request for counsel.  Notably, Hopkins did not assert this violation in any of her earlier motions or letters to the Court.

     Even if the Court assumes that counsel was deficient in failing to file a suppression motion, Hopkins has not shown that

17

this allegedly deficient performance would have prejudiced the outcome of her case.  With regard to the prejudice prong of the *Strickland/Hill* test in a guilty plea scenario, the petitioner must prove that but for counsel's advice, she would have gone to trial. *See Hill*, 474 U.S. at 59.  The petitioner, however, may not simply allege prejudice. *Magnum v. Hargett,* 67 F.3d 80, 84 (5th Cir. 1995).  Whether petitioner was prejudiced "depends partly on his chances for success at trial." *Id.*  In this case, the prejudice determination depends on whether the suppression of the confession would have influenced counsel to change his advice regarding the guilty plea. *See id.* (finding that, analogously, in a situation where counsel failed to investigate exculpatory evidence, the prejudice determination depends on whether the discovery of such evidence would have changed counsel's advice). The Court finds that the suppression of Hopkins' confession would not have changed Hopkins' chance for success at trial or counsel's advice to plead guilty.  Even without the confession, the evidence overwhelmingly points to Hopkins' guilt.  The Government had a confidential informant who was prepared to testify that he purchased cocaine from Hopkins.[29]  The Narcotics Division of the Jefferson Parish Sheriff's Office also conducted

---

[29]R. Doc. 45.

extensive surveillance of Hopkins and tracked her when she traveled to Texas to purchase cocaine.[30]  A police officer was also set to testify that he stopped Hopkins and found her with cocaine and a revolver, which was not her duty weapon for her job as a United States Customs official.[31]  Additionally, Jerry Hopkins and Ken Hughes had both confessed to the conspiracy.[32]  Accordingly, as the Government had extensive evidence of Hopkins' guilt, the suppression of Hopkins' confession would not have changed the outcome of her case.

### C.   Unlawful Inducement to Enter Plea Agreement

The Court finds that Hopkins' claim that her plea was involuntary because the prosecution unlawfully induced her to plead guilty is barred since she did not challenge the guilty plea on direct review.  The Supreme Court has explained that a guilty plea made by an accused person who was advised by competent counsel may not be collaterally attacked. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) (citing *Mabry v. Johnson*, 467 U.S. 504, 508 (1984)).  A petitioner may challenge

---

[30] R. Doc. 45.

[31] R. Doc. 45.

[32] R. Doc. 45.

whether his plea was knowing and voluntary only if he first challenged the plea on direct review. *Id.* Other than ineffective assistance of counsel, see *Massaro v. United States*, 538 U.S. 500 (2003), a petitioner may not raise an issue for the first time on collateral review without showing cause for his procedural default and actual prejudice from the error. *United States v. Segler*, 37 F.3d 1131, 1133, (5th Cir. 1994). Here, petitioner argues that the cause of her procedural default resulted from ineffective assistance of counsel. As discussed, *supra*, the Court finds that petitioner has failed to demonstrate ineffective assistance of counsel. As such, petitioner's claim that the prosecution unlawfully induced her guilty plea is barred since she did not raise it on direct appeal.

## III. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's Section 2244 Motion to Vacate, Set Aside, or Correct her sentence.

New Orleans, Louisiana, this 6th day of October, 2008

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE